

**JAMES E. JOHNSON**
*Corporation Counsel*

THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY  10007

**AMATULLAH K. BOOTH**
*Senior Counsel*
Tel.: (212) 356-3534
Fax: (212) 356-3509
abooth@law.nyc.gov

April 26, 2020

**VIA ECF**
Honorable Vernon S. Broderick
United States District Court
Southern District of New York
500 Pearl Street
New York, New York 10007

      Re:    Sara DeVincenzi as administrator for the Estate of Benjamin DeVincenzi v. City of New York, et al.
              19 CV 6012 (VSB)

Your Honor:

      I am a Senior Counsel in the Special Federal Litigation Division of the New York City Law Department representing the City in this matter. Defendants write to respectfully request that the Court stay the present civil proceeding in its entirety for ninety (90) days, in light of the recent developments surrounding the COVID-19 pandemic. Defendant was unable to obtain Plaintiff's position, as Defendant has not received a response to its email and phone call correspondence.[1]

      By way of background, Plaintiff commenced the instant lawsuit against the City of New York, alleging, *inter alia*, that on or about July 8, 2016, Benjamin DeVincenzi was falsely arrested by members of the NYPD. (See Complaint dated June 27, 2019, ECF Docket Entry No. 1).

      On December 9, 2019, the Parties filed a proposed case management plan. See Civil Docket Entry No. 15. Thereafter, on January 30, 2020 an initial conference was held in this matter. See Civil Docket Entry, Dated January 30, 2020. During the January 30, 2020 initial conference, the Court referred the case to Magistrate Judge Kevin Nathaniel Fox for a settlement

---

[1] Defendant attempted to obtain the position of Plaintiff's Counsels concerning Defendant's application, by contacting Arthur Z. Schwartz and Richard Soto by phone, and sending an email to both attorneys, to which Defendant received no response.

conference and approved the Parties' December 9, 2019 proposed case management plan, which set the close of discovery in this matter to April 28, 2020. See Civil Docket Entry No. 15, 20.

To date, the Parties have diligently engaged in discovery. The Parties have engaged in the exchange of discovery demands and initial disclosures. However, certain medical records of Mr. DeVincenzi related to the Incident in the Complaint, have not yet been received by Defendant and depositions have not yet been taken. Furthermore, a settlement conference has not yet been held in this matter. Indeed, it is imperative that Defendant review the full medical record pertaining to the Incident, prior to proceeding with this action. Accordingly, the defendant respectfully submits the instant application for the aforementioned reasons.

As the Court is aware, the country is currently grappling with the COVID-19, or coronavirus, pandemic. On March 7, 2020, Governor Andrew Cuomo declared that New York is in a state of emergency because of the rapidly developing pandemic situation. On March 13, 2020, Mayor Bill de Blasio followed suit, and declared New York City to be in a state of emergency as well.

That same day, the United States District Court for the Southern District of New York ("Southern District") issued Standing Order 20 MISC 138, which encouraged individual judges to conduct court proceedings by phone and video conferencing where practicable. Also, on March 13, 2020, the Southern District issued Standing Order 20 MISC 015, which suspended and tolled service of process requirements and deadlines. On March 16, 2020, the Southern District issued a Revised Standing Order that further limited access to courthouses.

On March 20, 2020, Governor Andrew Cuomo issued an executive order mandating that all non-essential businesses in New York State close, and that New York residents stay inside their homes unless participating in an essential activity. Also, on March 20, 2020 and again on March 30, 2020, the Southern District issued a memorandum to the Bar that set forth additional emergency protocols, including limitations on courtroom use and operations for both criminal and civil matters. To comply with Governor Cuomo's latest executive order, and in light of pronouncements from other governmental and judicial officials, expert recommendations, and the further spread of COVID-19, the New York City Law Department is requiring that its employees work from home.

Of course, working from home creates a number of challenges that directly impact litigation. For example, although most communication may be exchanged through the use of ECF or email, some correspondence, particularly correspondence pertaining to discovery, still requires the use of regular mail. Defendants are not physically present to receive mail sent to the office, and therefore are unable to reliably receive correspondence responsive to their requests, including records from medical facilities, in connection with completing discovery. Moreover, working from home also complicates sending and receiving correspondence and documents from law enforcement agencies and medical facilities.

Working from home also creates complications in regard to coordinating and taking depositions. The logistical challenges of arranging for remote depositions are always significant and are further exacerbated by the added difficulty of having multiple parties join remotely from multiple locations, as well as the added difficulty of managing parties' different technological

capabilities. Preparing witnesses for depositions remotely is also logistically challenging, particularly when it comes to the review of documents, many of which may not be saved in formats that are easily shared via electronic means. Moreover, conducting a deposition remotely simply fails to be an adequate substitute for an in-person deposition; courts in this Circuit have repeatedly recognized that "an in-person deposition is also preferable in terms of ensuring the accuracy of the depositions and interpretations" of testimony, *Memory Film Prods. v. Makara*, No. 05 Civ. 3735, 2007 U.S. Dist. LEXIS 34110, at *10 (E.D.N.Y. May 9, 2007), and is not a solution when "testimony is being preserved for trial," as "it is important to have counsel present so that the examination most closely approximates that which would occur in the courtroom." *In re Fosamax Prods. Liab. Litig.*, 06 MD 1789 (JFK) (JCF), 2009 U.S. Dist. LEXIS 27209, at *30 (S.D.N.Y. Mar. 4, 2009) (collecting cases); *see also Gagasoules v. MBF Leasing LLC*, 08 Civ. 2409 (ADS) (ARL), 2009 U.S. Dist. LEXIS 119001 (E.D.N.Y. Dec. 22, 2009) (finding remote deposition unfeasible given "legitimate concern about viewing the plaintiffs' demeanor"); *see also Petaway v. Osden*, 17 Civ. 0004 (VAB), 2018 U.S. Dist. LEXIS 36484, at *9 (D. Conn. Mar. 5, 2018) (remote deposition insufficient where plaintiff's credibility played essential role in the case").

As another example, working from home creates accessibility problems with regard to documents and files. Although some documents can be easily accessed remotely by electronic means, many documents cannot be so accessed, because of variables such as format or size. This inaccessibility prevents defendants from having all the information necessary to, *inter alia*, fully assess cases, respond to plaintiff's demands, and otherwise conduct regular business.

Finally, the agencies defendants must regularly communicate and coordinate with, *e.g.*, the New York City Police Department ("NYPD"), are facing these same communication and access challenges as they pursue compliance with Governor Cuomo's executive order and seek to protect the health and safety of the individuals in their organizations. These challenges have already made the fulfillment of document and information requests delayed or impracticable. Such delays and problems are expected to continue until individuals are allowed to return to their offices.

For the reasons set forth above, this Office respectfully requests that the Court grant a stay of the instant litigation for ninety (90) days in light of the developing situation surrounding COVID-19. This will give this Office the time and opportunity needed to adjust to these new circumstances.

Thank you for your consideration.

Respectfully submitted,

/s/

_____

AMATULLAH K. BOOTH
Senior Counsel
Special Federal Litigation Division

**To:** Arthur Z. Schwartz (*via* ECF)
Advocates for Justice, Chartered Attorneys
*Attorney for Plaintiff*

3

225 Broadway, Suite 1902
New York, New York 10007

Richard Soto (*via* ECF)
Advocates for Justice, Chartered Attorneys
*Attorney for Plaintiff*
225 Broadway, Suite 1902
New York, New York 10007

Defendants' request to stay the case is Denied.  The discovery deadlines in the case management plan (Doc. 22) are adjourned by 90 days, with discovery closing on July 27, 2020.  The parties are directed to appear for a post-discovery telephone conference on Friday August 14, 2020 at 10:30 a.m. The dial in information for that conference is 888-363-4749, Access Code 2682448.

SO ORDERED:

*[signature]*

HON. VERNON S. BRODERICK  4/29/2020
UNITED STATES DISTRICT JUDGE

4