```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SARA DEVINCENZI, as Administrator for the                   :
Estate of BENJAMIN DEVINCENZI,                              :
                                                            :
                              Plaintiff,                    :     19-CV-6012 (VSB)
                                                            :
              -against-                                     :     OPINION & ORDER
                                                            :
THE CITY OF NEW YORK, a municipal entity,                   :
NEW YORK CITY POLICE OFFICER PAULE                          :
RIVERA, NEW YORK CITY POLICE OFFICERS                       :
"JOHN DOES 1–9,"                                            :
                                                            :
                              Defendants.                   :
------------------------------------------------------------X
```

Appearances:

Arthur Z Schwartz
Richard Soto
Advocates for Justice, Chartered Attorneys
New York, NY
*Counsel for Plaintiff*

Amatullah Khaliha Booth
Jeffrey Frederick Frank
NYC Law Department
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      Plaintiff Sara DeVincenzi ("Plaintiff") brings this action as administrator for the Estate of Benjamin DeVincenzi against police officer Paule Rivera ("Rivera") and the City of New York (the "City," together with Rivera, "Defendants"). Plaintiff's complaint raises seven claims: (1) deprivation of federal civil rights under 42 U.S.C. § 1983 ("§ 1983" or "Section 1983"); (2) false arrest under § 1983; (3) excessive use of force under § 1983; (4) failure to intervene under §

1983; (5) malicious abuse of process under § 1983; (6) municipal liability under *Monell*; and (7) retaliation for First Amendment protected expression. (Doc. 1, "Complaint.") Before me is Defendants' motion for summary judgment. (Doc. 78.) After Defendants filed their motion for summary judgment, the parties agreed to a dismissal of all claims except for Plaintiff's claim for excessive force. (Doc. 87.) Because I find that there are genuine issues of material fact with respect to Plaintiff's excessive force claim, Defendants' motion for summary judgment is DENIED.

I.      **Factual Background**[1]

On July 8, 2016, Benjamin DeVincenzi ("DeVincenzi") was with an acquaintance who was a suspect being pursued by Rivera. (*See* Complaint ¶¶ 4–5; Doc. 80 ¶¶ 1–3.) Defendants allege that after DeVincenzi's acquaintance fled, DeVincenzi stood in Rivera's way and refused to move for 10 to 15 seconds. (Doc. 85 ¶¶ 3–9.) Rivera arrested DeVincenzi for obstructing governmental administration. (Complaint ¶ 3; Doc. 85 ¶ 17.) After DeVincenzi was arrested, he was surrounded by a group of at least five police officers who arrived on the scene. (Doc. 85 ¶ 21.) The parties agree that DeVincenzi ended up on the ground, but dispute whether Rivera (or any officer) used force against him or if he just fell. (*See id.* ¶¶ 22–25.) Eventually, one or more of the police officers (which may or may not have included Rivera) handcuffed DeVincenzi and Rivera put DeVincenzi in a police vehicle. (*Id.* ¶¶ 26–27.) Plaintiff, the mother of DeVincenzi, testified that DeVincenzi called her and told her that "Officer Rivera had punched him in his face" while he was still in the police car after his arrest. (Doc. 79-4 at 16:7-25.) Defendants

---

[1] This section is drawn from the parties' Rule 56.1 submissions in order to provide background and context for the motion for summary judgment and is not intended as a recitation of all material undisputed facts. Unless otherwise indicated, the facts set forth in this section are undisputed.

2

dispute whether DeVincenzi made this statement.  (Doc. 92 at 5.)  Plaintiff did not personally observe her son's arrest and arrived on the scene to find him already in a police vehicle.  (Doc. 85 at ¶¶ 28–29.)

After the arrest, Rivera took Plaintiff to the 6th precinct where she told the officers that DeVincenzi needed medical attention because he was on medication, including antibiotics for a gum infection.  (*Id.* ¶¶ 30–31.)  DeVincenzi, accompanied by Rivera, was then taken to a nearby hospital by ambulance.  (*Id.* ¶¶ 32–33.)  Plaintiff testified that when DeVincenzi "saw Officer Rivera get into the ambulance with him he yelled out that's the officer who punched me in my face."  (Doc. 79-4 at 39:5-11.)  Defendants also dispute whether DeVincenzi made this statement.  (Doc. 92 at 5.)  While at the hospital, DeVincenzi told the medical providers that he needed medication because without it he would go into withdrawal and have seizures.  (Doc. 85 ¶ 34.)  DeVincenzi's medical providers noted that he reported that "he was walking with a friend who was wanted by the police and that the police assaulted him" and that he "has various abrasions and contusions."  (Doc. 84-5 at 4.)  At the hospital, DeVincenzi was given antibiotics and painkillers then escorted back to the precinct by Rivera.  (Doc. 85 ¶ 37–39.)  Once back at the precinct, DeVincenzi was charged with obstructing governmental administration in the second degree.  (*Id.* ¶ 41.)  On July 9, 2016, DeVincenzi was arraigned and released on his own recognizance.  (*Id.* ¶¶ 42–43.)  On December 14, 2016, DeVincenzi "accepted an adjournment in contemplation of dismissal with respect to the [obstructing governmental administration] charge," and on June 13, 2017, this charge against DeVincenzi was dismissed.  (*Id.* ¶ 44; Doc. 84-4 at 1.)  On January 10, 2018, DeVincenzi experienced a severe asthma attack and passed away.  (*Id.* ¶ 45.)

## II. Procedural History

Plaintiff filed her complaint *pro se* as administrator for the Estate of Benjamin DeVincenzi on June 27, 2019. (Doc. 1.) On October 7, 2019, the City filed its answer. (Doc. 10.) On October 25, 2019, Arthur Schwartz and Richard Soto filed notices of appearance as counsel on behalf of Plaintiff. (Docs. 11, 12.)

On January 30, 2020, I held an initial conference and referred the case to Magistrate Judge Kevin Nathanial Fox for settlement. (*See* Docs. 19–20.) A settlement conference was held in front of Judge Fox on July 16, 2020, but no settlement was reached. On July 24, 2020, Plaintiff received a certificate of default as to Rivera, who had not appeared or responded to the Complaint. (Doc. 31.) On July 27, 2020, Rivera filed his answer. (Doc. 32.) That same day, which was also the day that discovery was scheduled to close, Plaintiff filed a motion to compel Defendants to produce witnesses for depositions, supply documents, and to extend discovery. (Doc. 33.) On July 28, 2020, Defendants opposed Plaintiff's motion. (Doc. 37.) Also on July 28, 2020, Plaintiff moved for default judgment against Rivera and moved to strike his answer. (Doc. 38.) Defendants opposed this motion on July 29, 2020. (Doc. 42.) Plaintiff filed a reply brief in support of the motion for default judgment on August 8, 2020, and I ordered the parties to appear for a conference to discuss the pending motion. (Docs. 44, 45.) On August 20, 2020, I denied Plaintiff's motion for default judgment, vacated the certificate of default against Rivera, and directed the parties to file an updated case management plan ("CMP"). (Doc. 47 at 6, 11.)

On August 27, 2020, the parties filed a status report in which they identified outstanding documents to be produced, including Rivera's disciplinary records. (Doc. 46.) On November 17, 2020, I issued an order granting the parties' consent letter motion to expedite production of documents including arrest records, court records, and medical records for DeVincenzi from the

New York County District Attorney, Criminal Court of the City of New York, and Lenox Hill Hospital. (Doc. 56.) On December 2, 2020, I issued the updated CMP and scheduling order with a post-discovery conference ("PDC") scheduled for April 1, 2021. (Doc. 59.) On that same day, I issued an order, (Doc. 58), directing Defendants to produce to Plaintiff summaries of Rivera's disciplinary records that contain allegations similar in nature to the complaint that pre-date the July 8, 2016 incident by ten years, as outlined in the August 27, 2020 status report, (Doc. 46). On March 8, 2021, I ordered Defendants to produce to Plaintiff summaries of Rivera's disciplinary records that contain allegations similar in nature to the complaint that post-date the July 8, 2016 incident. (Doc. 60.) On March 22, 2021, I granted a 60-day extension, pushing the PDC to June 3, 2021. (Doc. 62.) On April 19, 2021, I issued an order mooting the motion to compel discovery, (Doc. 33), because discovery had already been extended beyond that date, (Doc. 67). On June 1, 2021, I granted another discovery extension until September 2, 2021. (Doc. 69.) On August 23, 2021, I granted the final discovery extension until October 27, 2021, and indicated that no further extensions would be granted. (Doc. 71.) On November 4, 2021, I held the PDC. (*See* Doc. 75.)

On December 21, 2021, Defendants filed a motion for summary judgment, (Doc. 78), along with a declaration, (Doc. 79), a statement of facts, (Doc. 80), and a memorandum of law (Doc. 81), in support. On February 11, 2022, Plaintiff filed three declarations, (Docs. 86, 88, 89), a counterstatement of facts, (Doc. 85), and a memorandum of law, (Doc. 90), opposing the motion for summary judgment. Plaintiff also filed a stipulation wherein Plaintiff agreed to dismiss, with prejudice, all claims except for the third cause of action for excessive force. (Doc. 87.) On February 25, 2022, Defendants filed a reply memorandum, (Doc. 92), and a response to Plaintiff's counterstatement of facts, (Doc. 91), in support of their motion for summary

5

judgment.

### III. <u>Legal Standard</u>

Summary judgment is appropriate when "the parties' submissions show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." *Fay v. Oxford Health Plan*, 287 F.3d 96, 103 (2d Cir. 2002); Fed. R. Civ. P. 56(a). "[T]he dispute about a material fact is 'genuine[]' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law," and "[f]actual disputes that are irrelevant or unnecessary will not be counted." *Id.*

On a motion for summary judgment, the moving party bears the initial burden of establishing that no genuine factual dispute exists, and, if satisfied, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial," *id.* at 256, and to present such evidence that would allow a jury to find in his favor, *see Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000). "[A] plaintiff must provide more than conclusory allegations to resist a motion for summary judgment." *Holcomb v. Iona Coll.*, 521 F.3d 130, 137 (2d Cir. 2008). The ultimate inquiry is "whether the evidence can reasonably support a verdict in plaintiff's favor." *James v. N.Y. Racing Ass'n*, 233 F.3d 149, 157 (2d Cir. 2000). To defeat a summary judgment motion, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). In considering a summary judgment motion, a court must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor, and may grant summary judgment only when no reasonable trier of fact could find in favor of the nonmoving party." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d

Cir. 1995) (internal quotation marks omitted); *see also Matsushita*, 475 U.S. at 587. "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party," summary judgment must be denied. *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002). "'The principles governing admissibility of evidence do not change on a motion for summary judgment' and district courts need only consider admissible evidence in ruling on a motion for summary judgment." *I.M. v. United States*, 362 F. Supp. 3d 161, 174 n.9 (S.D.N.Y. 2019) (quoting *Raskin v. Wyatt Company*, 125 F.3d 55, 66 (2d Cir. 1997)).

If "a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may," among other things, "consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3); *see also* Fed. R. Civ. P. 56(c)(1)(a) ("A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials."); Local Rule 56.1(d) ("Each statement by the movant or opponent pursuant to Rule 56.1(a) and (b), including each statement controverting any statement of material fact, must be followed by citation to evidence which would be admissible, set forth as required by Fed. R. Civ. P. 56(c)."). However, "where the movant 'fails to fulfill its initial burden' of providing admissible evidence of the material facts entitling it to summary judgment, summary judgment must be denied, 'even if no opposing evidentiary matter is presented,' for the non-movant is not required to rebut an insufficient showing." *Giannullo v. City of New York*, 322 F.3d 139, 140–41 (2d Cir. 2003) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158,

160 (1970)). "Moreover, in determining whether the moving party has met this burden of showing the absence of a genuine issue for trial, the district court may not rely solely on the statement of undisputed facts contained in the moving party's Rule 56.1 statement. It must be satisfied that the citation to evidence in the record supports the assertion." *Vermont.Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004).

## IV. Discussion

### A. *Excessive Force*

Pursuant to the parties' stipulation, Plaintiff's only remaining cause of action is for excessive force. (Doc. 87.) Force is excessive when it is "objectively unreasonable in light of the facts and circumstances confronting them, without regard to the officers' underlying intent or motive." *Carpenter v. City of New York*, 984 F. Supp. 2d 255, 267 (S.D.N.Y. 2013). This is a fact-specific determination. *See Amnesty Am. v. Town of W. Hartford*, 361 F.3d 113, 123 (2d Cir. 2004) ("Given the fact-specific nature of the inquiry, granting summary judgment against a plaintiff on an excessive force claim is not appropriate unless no reasonable factfinder could conclude that the officers' conduct was objectively unreasonable.") Plaintiff identifies two forms of evidence that could support a finding that Rivera used excessive force: (1) statements made by DeVincenzi and (2) photographs of DeVincenzi after the arrest.[2] (Doc. 90 at 9.) Defendants argue that the statements offered by Plaintiff are inadmissible hearsay. (Doc. 92 at 2–6.) Plaintiff identifies various exceptions to the rule against hearsay and asserts that each of the proposed statements to be offered as evidence fall under an exception. (Doc. 90 at 2.)

---

[2] Plaintiff also relies on evidence of additional complaints against Rivera. (*See* Doc. 84-7.) Defendant objects to the admissibility and public filing of these records. (Doc. 92 at 7–8.) Defendants also request that the document be placed under seal, pursuant to the parties' Protective Order. (*Id.*) In light of the strong presumption of public access to documents used at the summary judgment stage, I deny Defendants' request to seal the record. *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 121 (2d Cir. 2006). Further, I defer ruling on the admissibility of the disciplinary records because I find that I need not consider them for the purposes of deciding this Opinion & Order.

A statement falls under the "excited utterance" hearsay exception if it is "[a] statement relating to a startling event or condition, made while the declarant was under the stress of excitement that it caused." Fed. R. Evid. Rule 803(2). "An excited utterance need not be contemporaneous with the startling event to be admissible under Rule 803(2)." *United States v. Tocco*, 135 F.3d 116, 127 (2d Cir. 1998). Plaintiff argues that the excited utterance exception applies to the statements DeVincenzi made to his mother "when he was sitting in the police car right after his arrest" and "when Defendant Rivera entered the ambulance." (Doc. 90 at 9.) Defendant argues that there is "insufficient context to support that DeVincenzi was still under the stress of excitement when he made the purported statements about PO Rivera punching him." (Doc. 92 at 10.) I disagree. Plaintiff testified that DeVincenzi called her and told her that "Officer Rivera had punched him in his face" while he was still in the police car after his arrest. (Doc. 79-4 at 16:7-25.) Plaintiff also testified that when DeVincenzi "saw Officer Rivera get into the ambulance with him he yelled out that's the officer who punched me in my face." (*Id.* at 39:5-11.) With regard to the timing of the first statement, it was made close to the time of the alleged stressful event—the alleged assault by Rivera. (*Id.* at 16:7-25.) With regard to the second statement, I find based upon the information presented to me that the statement is related to the startling event, the alleged assault by Rivera, while DeVincenzi was still under the stress of that event. *See Costanzo v. Cnty. of Suffolk*, No. 16CV3871JMAARL, 2022 WL 742875, at *4 (E.D.N.Y. Mar. 11, 2022) (finding statements made by plaintiff soon after being released from the custody of officers who allegedly assaulted her fell under the excited utterance exception). Whether the statements were actually made and whether the witness is found to be credible are matters for the jury to decide. Because there is sufficient evidence to establish a dispute of material fact, I must deny summary judgment as to Plaintiff's excessive force claim.

## B. *State Law Claims*

In her opposition to Defendants' motion for summary judgment, Plaintiff asserts that certain evidence "precludes summary judgment on the State Law torts of assault and battery." (Doc. 90 at 8.) Although Plaintiff's Complaint does not assert a cause of action for any state law torts, (*see generally* Complaint), Plaintiff argues that "[t]he State law claims were preserved in Paragraph 11 of the Complaint," (Doc. 90 at 1). Paragraph 11 of the Complaint states that Plaintiff "further invokes this Court's supplemental jurisdiction . . . over any and all State law claims and causes of action which derive from the same nucleus of operative facts and are part of the same case or controversy that gives rise to the federally based claims and causes of action." (Complaint at ¶ 11.) This broad statement is insufficient to plead a cause of action and Plaintiff does not attempt to describe her state law claims until her opposition to Defendants' motion for summary judgment. (Doc. 90 at 8.) Although in other circumstances, I could treat additional claims raised in subsequent briefing "as a proposed amendment to the original complaint," *Ajlani v. Chertoff*, 545 F.3d 229, 235 (2d Cir. 2008), I cannot do so here because any state law tort claims would be improper for other reasons that cannot be cured.

Defendants argue that Plaintiff's state law tort claims must fail because she failed to file a timely notice of claim. (Doc. 92 at 8–10.) I agree. New York General Municipal Law provides that "[n]o action . . . shall be prosecuted or maintained against the city . . . or any employee . . . unless a notice of a claim shall have been made and served upon the city." N.Y. Gen Mun. Law ("GML") § 50-i(1). When asserting a tort claim against a municipality or its agent, a plaintiff must plead "that (1) the plaintiff has served the notice of claim; (2) at least thirty days have elapsed since the notice was filed (and before the complaint was filed); and (3) in that time the defendant has neglected to or refused to adjust or to satisfy the claim." *Hardy v. N.Y.C. Health*

*& Hosp. Corp.*, 164 F.3d 789, 793 (2d Cir. 1999).  Failure to comply with notice of claim requirements typically results in dismissal.  *Id.* at 794.  Here, Plaintiff does not plead in the Complaint that they filed a notice of claim for any state law torts.  (*See generally* Complaint.)  In fact, Plaintiff admits that she did not file a notice of claim.  (Doc. 79-4 at 9:20-23.)  Even though Plaintiff filed the Complaint while proceeding *pro se*, her later-obtained counsel did not amend her Complaint to include state law tort claims.  I cannot consider any such claims because I do not have jurisdiction to hear state law torts absent proper notice of claim.  *See Evans v. City of New York*, No. 1:21-CV-8659 (MKV), 2023 WL 2574994, at *6 (S.D.N.Y. Mar. 20, 2023); *Chepilko v. City of New York*, No. 18CV02195ALCSDA, 2022 WL 4554961, at *3 (S.D.N.Y. Sept. 29, 2022).

Further, even if Plaintiff had filed notice of her state law claims, they would fail for untimeliness because under New York law claims against the City of New York and its employees must be "commenced within one year and ninety days after the happening of the event upon which the claim is based."  GML § 50-i(1)(c); *see Columna v. City of New York*, No. 1:19-CV-3801 (MKV), 2022 WL 767103, at *7 (S.D.N.Y. Mar. 14, 2022) (rejecting as untimely state law claims filed more than 1 year and 90 days after the event upon which the claims were based.)  The alleged assault occurred on July 8, 2016, but the Complaint was not filed until almost three years later on June 27, 2019.  (*See* Complaint ¶ 3.)  Accordingly, Plaintiff cannot pursue state law claims and has no remaining claims against the City.

### C.  *Doe Defendants*

New York City Police Officers John Does 1–9 have not appeared in this action since Plaintiff filed her Complaint in June 2019.  Nor has Plaintiff amended her Complaint to identify the John Doe defendants.  (*See generally* Complaint.)  Accordingly, any claims against the John

11

Doe defendants are dismissed without prejudice. *Lara-Grimaldi v. Cnty. of Putnam*, No. 17-CV-622 (KMK), 2022 WL 17541815, at *5 (S.D.N.Y. Dec. 6, 2022) (sua sponte dismissing unidentified Defendants at the summary judgment stage); *Tortora v. City of N.Y.*, No. 15-CV-3717, 2019 WL 9100369, at *25 (E.D.N.Y. Mar. 30, 2019) (same), *aff'd*, 804 F. App'x 35 (2d Cir. 2020); *Cox v. Vill. of Pleasantville*, 271 F. Supp. 3d 591, 618 (S.D.N.Y. 2017) ("It is well settled that where a plaintiff has made no attempt to amend its complaint to include the real identities of John Doe Defendants and discovery has closed, the proper course is to dismiss the John Doe Defendants without prejudice.")

### V.    Conclusion

For the foregoing reasons, Defendants' motion for summary judgment is DENIED and the City of New York and John Doe Defendants are DISMISSED. The Clerk of Court is respectfully directed to terminate the gavel at Doc. 78.

SO ORDERED.

Dated: June 1, 2023
        New York, New York

*Vernon Broderick*
Vernon S. Broderick
United States District Judge