

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y.

APPLICATION GRANTED
SO ORDERED
VERNON S. BRODERICK
U.S.D.J.  7/24/23

**VIA ECF**
Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

        Re:    *Estate of Benjamin DeVincenzi v. Police Officer Paule Rivera*,
               19 Civ. 6012 (VSB)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney representing defendant Police Officer Paule Rivera in the above-referenced matter. Defendant writes to respectfully request that the Court enlarge the parties' time to file a proposed joint pretrial order ("JPTO") from July 31, 2023, until August 18, 2023. This is the second request for an extension of this deadline; the Court granted the parties' first request. ECF Nos. 98–99.

      By way of background, the undersigned counsel was out of the country from July 3–16, 2023, without access to e-mail. *See* ECF No. 98 at 1. On July 11, 2023, plaintiff's counsel informed the undersigned via e-mail that he would provide a draft of plaintiff's portion of the JPTO by July 27, 2023.

      On July 17, 2023, upon returning to the office, the undersigned explained to plaintiff's counsel that this would not provide enough time for defendant to interpose objections to plaintiff's proposed exhibits and witnesses before the July 31, 2023 deadline for filing the JPTO. Thus, defendant suggested that the parties request additional time to file the completed JPTO and proposed a schedule for exchanging portions and objections sequentially before submitting the JPTO. Plaintiff objected to providing her portion before defendant provides his and proposed that the parties file the JPTO by August 14, 2023. In response, on July 18, 2023, defendant proposed another schedule wherein the parties would submit the final JPTO by August 18, 2023. Defendant explained that the parties would need time after August 14, 2023, to incorporate their objections to each other's portions of the JPTO before filing. Plaintiff did not respond.

Yesterday, on July 20, 2023, the undersigned contacted plaintiff's counsel again to request his consent to the proposed schedule, and once again plaintiff did not respond.

Hence, while plaintiff appears to consent to an extension of time until August 14, 2023, for the parties to file the JPTO, the parties have not agreed to any proposed schedule for exchanging portions. It is defendant's view that plaintiff should provide defendant with her portions of the JPTO first and defendant should respond thereafter, as plaintiff bears the burden of proof on her sole, remaining claim for excessive force, and defendant has no obligation to put on a case. Therefore, defendant proposes the following schedule, without plaintiff's consent:

- By July 27, 2023, plaintiff shall provide his portion of the JPTO to defendant;

- By August 14, 2023 defendant shall provide his portion to plaintiff, including objections to plaintiff's portion; and

- By August 18, 2023, the parties shall file the final JPTO with the Court.

An extension of time for the parties to finalize and file the JPTO is necessary because plaintiff is not prepared to provide her portion of the JPTO to defendant until July 27, 2023. Accordingly, defendant respectfully requests that the Court enter the schedule proposed above and thereby extend the parties' time to file the JPTO from July 31, 2023, until August 18, 2023.

Defendant thanks the Court for its consideration of this matter.

Respectfully submitted,

Jeffrey F. Frank
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:   All Counsel (via ECF)