

**HON. SYLVIA O. HINDS-RADIX**
*Corporation Counsel*

THE CITY OF NEW YORK

LAW DEPARTMENT
100 CHURCH
NEW YORK,

**JEFFREY F. FRANK**

> **APPLICATION GRANTED**
> **SO ORDERED** /s/ Vernon Broderick
> **VERNON S. BRODERICK**
> **U.S.D.J.** 8/17/23
>
> The parties are advised that further extension requests are unlikely to be granted barring extenuating circumstances.

**VIA ECF**
Honorable Vernon S. Broderick
United States District Court
Southern District of New York
40 Foley Square
New York, New York 10007

      Re:    *Estate of Benjamin DeVincenzi v. Police Officer Paule Rivera*,
             19 Civ. 6012 (VSB)

Your Honor:

      I am an Assistant Corporation Counsel in the Office of the Hon. Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, and the attorney representing defendant Police Officer Paule Rivera in the above-referenced matter. Defendant writes to respectfully request that the Court enlarge the parties' time to file a proposed joint pretrial order ("JPTO") from August 18, 2023, until August 31, 2023.[1] This is the third request for an extension of this deadline; both prior requests were granted. ECF Nos. 98–99, 100–101. The instant request is made without plaintiff's consent because after multiple attempts to reach her counsel, defendant has received no response.

      By way of background, on July 24, 2023, the Court So Ordered defendant's proposed amended schedule for completing the JPTO. ECF No. 101. That schedule, like this one, was proposed without plaintiff's consent because plaintiff's counsel had failed to respond. ECF No. 100 (detailing defendants' requests for plaintiff's consent and counsel's failures to respond). Under that schedule, plaintiff's JPTO portion was due to defendant by July 27, 2023, defendant's portion is due to plaintiff by August 14, 2023, and the final JPTO is due August 18, 2023. *Id.*

      On July 31, 2023, four days after her deadline had passed, plaintiff provided defendant with her potion of the JPTO, proposed jury instructions, and *voir dire* questions. Plaintiff's counsel also expressed dissatisfaction at having only 3-4 days to respond to defendant's material.

---

[1] Pursuant to Rule 6.B of Your Honor's Individual Rules & Practices in Civil Cases, this extension would also apply to the parties' motions *in limine* and joint proposed *voir dire* questions, verdict form, and jury instructions, all of which are to be filed with the JPTO.

On August 2, 2023, after reviewing plaintiff's portion of the JPTO, the undersigned emailed plaintiff's counsel to request certain information that plaintiff has failed to provide:

1. Defendant seeks copies of plaintiff's proposed exhibits and the relevant Bates Stamp numbers of the pages plaintiff seeks to offer. Plaintiff's descriptions of her proposed exhibits in the JPTO fail to provide sufficient clarity as to what she seeks to offer.

2. For plaintiff's proposed witnesses, defendant asked (a) whether each will testify in person or by deposition, and (b) for a brief summary of the substance of their testimony, pursuant to Rule 6.A.viii of Your Honor's Individual Rules & Practices in Civil Cases.

3. Defendant asked plaintiff for courtesy copies of her initial disclosures and any supplemental disclosures. Defendant's records do not show that plaintiff served either. Defendant requires copies of plaintiff's disclosures in order to determine whether plaintiff failed to properly identify or disclose any of her proposed witnesses, exhibits, or classes of damages sought. *See* Fed. R. Civ. P. 26(a)(1)(A) & 37(c)(1).

Having received no response, the undersigned emailed plaintiff's counsel again on August 7, 2023. The undersigned explained that defendant will need to seek another extension of the parties' time to complete the JPTO should plaintiff fail to timely provide the requested items.

As of this writing, plaintiff's counsel has yet to respond to these emails, the first of which the undersigned sent over a week ago. Today, to follow up, the undersigned called plaintiff's counsel's office and cell phone. As nobody answered, the undersigned left a voicemail message at plaintiff's counsel's office.[2] As of this writing, the undersigned has not received a return call. Thus, defendant again seeks an extension of time to complete the JPTO, without plaintiff's consent.

Another extension of time for the parties to finalize and file the JPTO is necessary to avoid needless objections to plaintiff's proposed witnesses and exhibits on the grounds that, *inter alia*, plaintiff failed to properly identify them in required disclosures and/or failed to describe them sufficiently for defendant to determine what plaintiff seeks to offer at trial.

Nevertheless, this Monday, August 14, 2023, in accordance with the current schedule, defendant is still prepared to provide plaintiff with defendant's draft portion of the JPTO, joint jury instructions, and joint *voir dire* questions. Therefore, if granted, defendant's requested extension of time will primarily benefit plaintiff by providing her counsel with additional time to review defendant's portion before the final JPTO is due to the Court. Further, if plaintiff's counsel responds early next week and provides defendant with the requested information, this extension will allow the parties time to attempt to resolve some of the disputes in their pretrial filings.

Accordingly, defendant respectfully requests that the Court extend the parties' time to file the proposed JPTO until August 31, 2023.

---

[2] Plaintiff's counsel's cell phone voice mailbox is full.

- 3 -

Defendant thanks the Court for its consideration of this matter.

Respectfully submitted,

*/s/ Jeffrey F. Frank*

Jeffrey F. Frank
*Assistant Corporation Counsel*
Special Federal Litigation Division

cc:   All Counsel (via ECF)