```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
SARA DEVINCENZI, as Administrator for the                   :
Estate of BENJAMIN DEVINCENZI,                              :
                                                            :
                              Plaintiff,                    :         19-CV-6012 (VSB)
                                                            :
                 -v-                                        :         OPINION & ORDER
                                                            :
                                                            :
THE CITY OF NEW YORK, et al.,                               :
                                                            :
                              Defendants.                   :
                                                            :
------------------------------------------------------------X
```

Appearances:

Arthur Z. Schwartz
Richard Soto
Advocates for Justice, Chartered Attorneys
New York, NY
*Counsel for Plaintiff*

Amatullah Khaliha Booth
Jeffrey Frederick Frank
NYC Law Department
New York, NY
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

      Before me is Plaintiff's counsel's motion to compel settlement payment. Because I lack jurisdiction under New York law to approve this settlement, and because it is unclear whether I have jurisdiction to enforce the settlement, Plaintiff's request is DENIED.

      **I.**    **Background and Procedural History**

      On June 27, 2019, Sara DeVincenzi ("Plaintiff"), as administrator for the Estate of Benjamin DeVincenzi ("DeVincenzi"), filed a complaint pro se against police officer Paule

1

Rivera and the City of New York (collectively, "Defendants') alleging violations of 42 U.S.C. §§ 1983 and 1988. ("Complaint," Doc. 1.) The Complaint alleges that Benjamin DeVincenzi was arrested for allegedly "physically interfer[ing] with police pursuit of [DeVincenzi's] acquaintance" on July 8, 2016. (*Id.* ¶ 6.) DeVincenzi was in police custody overnight. (*Id.* ¶ 52.) On July 9, 2016, DeVincenzi was arraigned on the charge of obstruction of governmental administration. (Doc. 80 ¶ 42.) DeVincenzi was then "released on his own recognizance." (*Id.* ¶ 43.) According to the Complaint, DeVincenzi "sustained, *inter alia*, physical injuries, mental injuries, emotional distress, embarrassment, humiliation and deprivation of his constitutional rights." (Doc. 1 ¶ 75.) The charges against DeVincenzi were adjourned in contemplation of dismissal. (*Id.* ¶ 8.) Plaintiff brought this case "in a quest for answers as to why he was falsely arrested and brutalized without cause by Defendants." (*Id.* ¶ 9.)

On January 10, 2018, about 18 months after his arrest, DeVincenzi passed away "due to a severe asthma attack." (Doc. 80 ¶ 45.) The Complaint does not assert a wrongful death claim or even contain allegations concerning DeVincenzi's death. (*See generally* Doc. 1.)

On July 9, 2019, I directed Plaintiff to "either (1) submit a written declaration showing that she is the administratrix of the estate and that there are no other beneficiaries or creditors of the estate; or (2) show that she has obtained counsel to represent the estate." (Doc. 5.) On August 6, 2019, Plaintiff, the mother of Benjamin DeVincenzi, submitted a declaration stating that she had been appointed as the Administrator of Benjamin DeVincenzi's estate on July 26, 2019, and attached letters of administration dated July 29, 2019. (Doc. 8.) Two days later, I found that Plaintiff may continue to appear pro se as the administrator of the Estate of Benjamin DeVincenzi because, based on Plaintiff's August 6, 2019 declaration, Plaintiff is the only beneficiary of Mr. DeVincenzi's estate. (Doc. 9.) Plaintiff later obtained counsel who filed

2

notices of appearance on October 25, 2019.  (Docs. 11, 12.)

This case continued through discovery and motion practice for several years.  On February 11, 2022, Plaintiff filed a stipulation wherein Plaintiff agreed to dismiss, with prejudice, all claims except for the third cause of action for excessive force.  (Doc. 87.)  On June 1, 2023, I denied Defendants' motion for summary judgment and dismissed the City of New York and John Doe Defendants.  (Doc. 97.)

On April 9, 2024, with the assistance of Magistrate Judge Jennifer E. Willis, the parties reached a settlement agreement where Defendants agreed, among other things, to pay $100,000 to Plaintiff.  (Doc. 132.)  Although the action was dismissed in accordance with the settlement agreement and the stipulation of dismissal, I so ordered the parties' proposed order which stated that I "shall continue to retain jurisdiction over this action for the purpose of enforcing the terms of the settlement agreement."  (Doc. 133 at 2.)

On June 24, 2024, Plaintiff's counsel moved to compel payment of the settlement amount, and stated that Defendants did not recognize the Letters of Administration that Plaintiff filed or my Order recognizing Plaintiff as administrator of the Estate of Benjamin DeVincenzi.  (Doc. 135.)  Plaintiff accordingly requested an order of judgment directing Defendants to pay the $100,000 under the settlement agreement.  (Doc. 135-2.)  Defendants opposed and argued that the settlement agreement was "conditioned on compliance with" the New York State Surrogate's Court's laws and rules, which allows a federal district court to approve a settlement only if the case is for "wrongful act, neglect or default causing the death of a decedent."  (Doc. 136 at 1.)  Defendants argue that this case "does not concern claims of wrongful death or conscious pain and suffering," and therefore I lack jurisdiction over this case.  (*Id.* at 2.)  According to Defendants, Plaintiff must obtain the Surrogate's Court's approval of the settlement agreement

and, until then, Defendants are "justified in withholding payment of settlement." (*Id*.) Plaintiff replied stating that this case "was always about 'conscious pain and suffering'" according to the allegations and therefore is a case for "wrongful death" such that I have jurisdiction. (Doc. 138 at 1.[1]) Plaintiff also argues that Defendants have improperly waited to raise the issue of whether I can approve the settlement several months after the agreement was submitted for approval. (*Id.* at 1–2.)

## II. Discussion

The threshold inquiry is whether I have concurrent jurisdiction with the New York Surrogate's Court to approve and enforce the settlement agreement here.

The Surrogate's Court has jurisdiction over "all actions and proceedings related to the affairs of . . . administration of estates and actions and proceedings arising thereunder or pertaining thereto." N.Y. Const. art. VI, § 12(d). One exception to the Surrogate's Court's jurisdiction relates to claims of wrongful death. Section 5, Part 4 of the New York Estates, Powers and Trusts Law, in conjunction with Local Civil Rule 83.2(b),[2] allows a federal district court to approve the compromise of "an action for wrongful act, neglect or default causing the death of a decedent." *See* EPTL § 5-4.6. At least one court in this Circuit has recognized this exception as a "narrow one" that requires the claims to be either for wrongful death or conscious pain and suffering, or both. *Santos v. City of New York*, No. 20-CV-6091, 2023 WL 5756513, at *4 (E.D.N.Y. Mar. 13, 2023), *report and recommendation adopted*, No. 20-CV-6091, 2023 WL 5759185 (E.D.N.Y. Sept. 6, 2023).

---

[1] Plaintiff submitted almost identical letters; the second letter fixed certain typographical errors. (Docs. 137, 138.)

[2] Rule 83.2(b) of Local Civil Rules states: "In an action for wrongful death or conscious pain and suffering of the decedent . . . [w]here required by statute or otherwise, the court must apportion the avails of the action and must approve the terms of any settlement."

Because this case is neither a wrongful-death case nor a conscious pain-and-suffering case, I lacked "concurrent jurisdiction with the Surrogate's Court to approve the settlement," *Santos*, 2023 WL 5756513, at *6 (citation omitted), and therefore cannot enforce an unapproved settlement agreement. In *Santos*, the court found that it lacked jurisdiction to approve the settlement because, despite references to "conscious pain and suffering," the plaintiff "did not bring any claims related to his death which occurred many months" after the alleged civil rights violations. *Id.* Moreover, the plaintiff had "concede[d]" that the death was "unrelated to the alleged interactions with the police officers." *Id.*

As in *Santos*, the Complaint here cannot be interpreted to be a claim for a wrongful death such that I have jurisdiction to approve the settlement agreement. The Complaint alleges that DeVincenzi "sustained, *inter alia*, physical injuries, mental injuries, emotional distress, embarrassment, humiliation and deprivation of his constitutional rights." (Doc. 1 ¶ 75.) Plaintiff brought this case "in a quest for answers as to why he was falsely arrested and brutalized without cause by Defendants." (*Id.* ¶ 9.) On January 10, 2018, about 18 months after his arrest, DeVincenzi passed away "due to a severe asthma attack." (Doc. 80 ¶ 45.) Despite references to police brutality as well as physical and emotional injuries, the Complaint does not allege claims related to his death. Plaintiff's concession that DeVincenzi died "due to a severe asthma attack" on February 10, 2018—although unfortunate—suggests that his death was unrelated to his July 2016 interactions with the police officers, and no allegations in the Complaint suggest otherwise. *See Est. of Raphael by Raphael-Clark v. Avis Indus. Corp.*, No. 17-CV-6497, 2021 WL 9544833, at *2 (E.D.N.Y. Oct. 27, 2021) (declining to approve settlement because case was "solely a personal-injury action unaccompanied by any wrongful-death claim").

Moreover, the settlement agreement resolved the only remaining claim in this case, which

5

was for excessive force.  After Plaintiff's February 11, 2022 stipulation to dismiss all claims except for the third cause of action for excessive force, (Doc. 87), and after my June 1, 2023 Opinion & Order dismissing the City of New York and John Doe Defendants, (Doc. 97), the only claim remaining in this case was an excessive force claim against Defendant Rivera.  An analysis of an excessive-force claim involves balancing several factors and "'requires careful attention to the facts and circumstances of each particular case, including the severity of the crime at issue, whether the suspect poses an immediate threat to the safety of the officers or others, and whether he is actively resisting arrest or attempting to evade arrest by flight.'" *Chamberlain Est. of Chamberlain v. City of White Plains*, 960 F.3d 100, 113 (2d Cir. 2020) (quoting *Graham v. Connor*, 490 U.S. 386, 396 (1989)).  The elements and analysis for an excessive-force claim are not the same as the ones employed for claims of wrongful death or conscious pain and suffering.  *See Santos*, 2023 WL 5756513, at *3 (A wrongful-death claim has the following elements:  "(1) a death, (2) caused by the wrongful conduct of a defendant, (3) that gives rise to a cause of action which could have been maintained, at the moment of death, by the decedent if death had not ensued," while a conscious-pain-and-suffering claim requires plaintiff to show that "the decedent died in connection with the alleged injuries." (citations omitted)).

      Plaintiff's counsel argues that "this case was always about 'conscious pain and suffering'" because the Complaint alleged that DeVincenzi was attacked by police officers. (Doc. 138 at 1.)  However, Plaintiff fails to allege that DeVincenzi's death was "in connection with" his purported injuries that resulted from the alleged attack.  I cannot find that the Complaint's allegations are sufficient to convert the sole, remaining claim of excessive force into a claim of wrongful death or conscious pain and suffering to grant me concurrent jurisdiction to approve or enforce the settlement agreement.

6

The terms of the settlement agreement further support Defendants' argument that Plaintiff must obtain the Surrogate's Court's approval of the settlement agreement. The settlement agreement contemplated approval by the Surrogate's Court. Paragraph 7 of the settlement agreement states that settlement is "conditioned on compliance with the provision set forth in Rule 83.2(b) of the Local Civil Rules . . . and the rules of the New York State Surrogate's Court, to the extent applicable." (Doc. 132-1, Stipulation of Settlement ¶ 7.) Further, Paragraph 7 expressly states that "plaintiff's counsel will submit whatever documents are necessary for such court approval," and that the parties agree that Defendants' time to pay the settlement funds "shall not begin to run until all relevant Courts approve this settlement." (*Id.*) In other words, Surrogate's Court approval was a requirement of the settlement agreement. Plaintiff fails to explain why she has not sought the approval of the Surrogate's Court or rebut the plain language of the settlement agreement that appears to require such approval. Instead, Plaintiff merely claims—without providing any authority—that Defendants "can't raise this issue three months after the submission of the settlement for approval." (Doc. 138 at 2.) Plaintiff's arguments are unavailing.

Cases where a District Court approved the settlement agreement without the approval of the Surrogate's Court are distinguishable. For example, in *Est. of Brannon v. City of New York*, Judge Alison J. Nathan adopted Magistrate Judge Sarah Netburn's report and recommendation, which granted the City of New York's motion to enforce the settlement agreement in a § 1983 case after finding that such an agreement was reflected in an email exchange among the parties. *See* No. 14-CV-2849, 2015 WL 13746664, at *2 (S.D.N.Y. Oct. 19, 2015), *report and recommendation adopted*, No. 14-CV-2849, 2016 WL 1047078 (S.D.N.Y. Mar. 10, 2016). However, the issue in those decisions was whether such an agreement could be inferred from an

email exchange among the parties; the jurisdiction to approve and enforce such an agreement was assumed without being examined.

As another example, in *Palacios by Nieves v. Vu*, Judge Paul A. Engelmayer initially told the parties to obtain the Surrogate's Court's approval to settle the wrongful death and negligence action and to provide periodic updates to Judge Engelmayer. *See* No. 20-CV-2985, 2022 WL 2763369, at *1 (S.D.N.Y. June 3, 2022). However, there was "little progress" from the Surrogate's Court for about a year. *Id.* Judge Engelmayer also reviewed plaintiff's submission of three cases in support of plaintiff's argument that Judge Engelmayer had "competent jurisdiction to approve the proposed settlement," and found the cited authorities to be "persuasive." *Id.* at *1–2.[3] However, all three of the cited cases on which Judge Engelmayer relied involved actions for wrongful death. Further, although Judge Engelmayer eventually approved the settlement agreement, *see Palacios by Nieves v. Vu*, No. 20-CV-2985, Doc. 61 (S.D.N.Y. Mar. 17, 2023), after, among other things, the parties jointly requested that he do so, *see id.* Docs. 57, 58, the approval does not analyze whether a District Court has jurisdiction to approve or enforce the settlement of a non-wrongful-death claim. Accordingly, *Palacios* is distinguishable on the facts and does not provide much guidance on the law that would be applicable here where the sole, remaining claim is of excessive force.

I find *Santos* to be the most on-point authority. I will accordingly follow the approach taken in *Santos* and direct the parties to the Surrogate's Court for both approval and enforcement of the settlement agreement. *See Santos*, 2023 WL 5756513, at *1 (directing Plaintiff "to move for approval of the settlement and distribution of settlement funds from the New York State

---

[3] Those cases are *Est. of Elder*, 395 N.Y.S.2d 337 (Sur. Ct. 1977); *In re Holquin's Est.*, 420 N.Y.S.2d 670 (Sur. Ct. 1979); and *Leslie v. Met Pro Techs, LLC*, No. 16-CV-1428, 2019 WL 5783534 (N.D.N.Y. Mar. 1, 2019).

Surrogate's Court"). The parties are further directed to provide me with an update within 14 days of the Surrogate's Court's decision. *See id.* (directing Plaintiff to update the District Court within seven days of obtaining the Surrogate's Court's order).

### III.    Conclusion

For the reasons stated herein, Plaintiff's motion to compel Defendant Paul Rivera to pay settlement is DENIED. The Clerk's Office is respectfully directed to terminate the open motion at Doc. 135.

SO ORDERED.

Dated:    January 3, 2025
         New York, New York

*Vernon Broderick* (signature)

Vernon S. Broderick
United States District Judge